UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

OSAN LIMITED,

                        Plaintiff,

                                        ORDER

     - against -

                                   CV 2005-5048 (SJ)(MDG)

ACCENTURE LLP, et al.

                       Defendants.

- - - - - - - - - - - - - - - - - - -X

    Defendants Accenture LLP, Accenture Ltd. t/a Accenture eDemocracy Services, Accenture Inc., Meg T. McLaughlin, and Clifford S. Jury ("Defendants") have requested, in their letter dated January 20, 2006 (ct. doc. 38), a stay of discovery pending the Court's decision on defendants' motion to dismiss. Plaintiff Osan Limited ("Osan"), in its letter dated January 27, 2006 (ct. doc. 39), opposed defendants' application. For the following reasons, this application is granted in part and denied in part without prejudice.

## DISCUSSION

    A party seeking a stay of discovery pursuant to Fed. R. Civ. P. 26(c) bears the burden of showing good cause. Telesca v. Long Island Hous. P'ship, Inc., No. CV 05-5509, 2006 WL 1120636, at *1 (E.D.N.Y. Apr. 27, 2006); Spencer Trask Software & Info. Servcs., LLC v. RPost Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002). The pendency of a dispositive motion is not, in itself, an automatic ground for a stay. Id. Rather, a court determining

whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case. Hachette Distribution, Inc. v. Hudson County News Co. Inc., 136 F.R.D. 356, 358 (E.D.N.Y. 1991). Factors to be considered include: whether the motion to dismiss has substantial grounds, Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (citing Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 211 (S.D.N.Y. 1991)); "the type of motion and whether it is a challenge as a 'matter of law' or to the 'sufficiency' of the allegations; the nature and complexity of the action; ... the posture or stage of the litigation; [and] the expected extent of discovery..." Hachette Distribution, Inc., 136 F.R.D. at 358.

This Court has preliminarily reviewed the papers submitted by both parties with respect to defendants' motion to dismiss plaintiff's causes of action for common law fraud, breach of fiduciary duty, conspiracy, unjust enrichment and promissory estoppel. While defendants may have substantial arguments for dismissal of several of the claims, this Court is doubtful that defendants will succeed in dismissing the entire lawsuit. Defendants' attempt to characterize plaintiff's claims for unjust enrichment and promissory estoppel as barred by the Asset Purchase Agreement is strained, particularly in light of defendants' contention that plaintiff cannot be the third party beneficiary of that agreement. Even if defendants prevail in their argument regarding the insufficiency of the allegations for

common law fraud in the current complaint, the insufficiencies may very well be cured by allowing plaintiff to file an amended complaint. Rajbhandari v. Shah, No. 02 Civ. 8778, 2006 WL 74393, at *6 (S.D.N.Y. Jan. 11, 2006) (motion to dismiss fraud claim granted and complaint dismissed with leave to replead where plaintiff failed to comply with Fed. R. Civ. P. 9(b)); see also, Carlucci v. Owens-Corning Fiberglas Corp., 646 F. Supp. 1486 (E.D.N.Y. 1986).

As to the posture of this lawsuit, plaintiff filed the complaint in the District Court for the District of Columbia on August 2, 2004, and apparently, no discovery occurred pending adjudication of defendants' motions to transfer venue to this district and to dismiss. Defendants' motion to transfer venue was granted on September 30, 2005, and this case was transferred on October 21, 2005 without determination of the motion to dismiss. At an initial conference held before me on January 11, 2006, I directed the parties to complete automatic disclosures by February 4, 2006 and fact discovery by September 30, 2006.

Plaintiff states that as of January 27, 2006, "[n]o depositions have yet been noticed, and no written discovery request has been propounded." See ct. doc. 39 at 5. Since no discovery demands have been made, the Court cannot determine with certainty whether plaintiff's discovery will be "wide-ranging and broad... [and] would impose a substantial burden on defendants." See ct. doc. 38 at 3. While discovery is often an onerous process, defendants have failed to prove that they will be unduly

burdened by having to respond to plaintiff's requests for interrogatories and production of documents, especially where plaintiff has yet to serve any formal demands for such.

Defendants argue that they "will be put in the position of conducting discovery without the knowledge of what claims they must ultimately defend." See ct. doc. 38 at 4. Since plaintiff's claims arise from the Asset Purchase Agreement between several defendants and election.com, Inc. ("Election") and plaintiff's release of certain secured assets of Election, the dismissal of one or more of plaintiff's claims will not significantly affect the scope of discovery, if at all. Moreover, plaintiff states that it may, after discovery, seek to add additional defendants if given the opportunity to do so.[1] Since the limitations period may soon expire as to plaintiff's claim for breach of fiduciary duty,[2] this is a factor that weighs against a stay given the preference of courts that claims be asserted and adjudicated on the merits. Cf. Henderson v. United States, 517 U.S. 654, 658 n. 5 (1996) (noting that Rule 4(m) "permits a district court to enlarge the time for service 'even

---

[1] See Plaintiff's Supplemental Memorandum in Opposition to Defendants' Motion to Dismiss (ct. doc. 25) (notifying Court of intent to amplify the pleadings should the Court deem the current pleading to be insufficient, and include additional derivative contract claims) and letter dated February 17, 2006 (ct. doc. 42) (additional defendants may be added).

[2] Under New York State law, actions for damages from breach of fiduciary duty are governed by the three-year limitations period. See Cooper v. Parsky, 140 F.3d 433, 440-441 (2d Cir. 1998).

if there is no good cause shown'") (quoting Advisory Committee Notes on 1993 Amendments to Fed. R. Civ. P. 4).

On the other hand, plaintiff has indicated it intends to conduct a large number of depositions. Conducting depositions before determination of any motion by plaintiff to amend the complaint and join additional defendants may not make sense as joinder of new parties may trigger the need to re-depose certain individuals.

In sum, after weighing the relevant factors, I find defendants have not established good cause to warrant a stay of all discovery pending the Court's ruling on defendants' motion to dismiss. Accordingly, the parties are ordered to proceed with written discovery without prejudice to allow the parties to make future applications to seek a stay as necessary. Depositions are currently stayed without prejudice to an application to proceed with them after at least three (3) months from the date of this order.

## CONCLUSION

For the foregoing reasons, defendants' motion for a stay is granted in part and denied in part without prejudice pending

determination of defendants' motion to dismiss plaintiff's complaint.

**SO ORDERED.**

Dated:  Brooklyn, New York
        June 13, 2006

/s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE